BAY STATE LIVE-STOCK COMPANY, APPELLANT, V.
CHARLES C. BING ET AL., APPELLEES.

FILED MAY 18, 1897.   No. 7282.

1. **Schools and School Districts: COUNTY SUPERINTENDENT.** "Each or-
ganized county not already divided into school districts, or any
part of such counties not so divided, shall be divided by the county
superintendent into as many school districts as may be necessary."
(Compiled Statutes, ch. 79, subd. 1, sec. 3.)

2. ——: ——. The foregoing section confers on the officer named
exclusive original jurisdiction of the designated subject-matter,
and the jurisdiction is not dependent upon or affected by the pre-
sentation of a petition or other expression of the will or desire of
the resident voters of the territory to be organized into a school
district, nor is any prior notice of the proposed action of the offi-
cer necessary.

APPEAL from the district court of Kimball county.
Heard below before NEVILLE, J.   *Affirmed.*

*George W. Heist* and *Henry St. Rayner*, for appellant.

*H. D. Rhea, contra.*

HARRISON, J.

March 20, 1893, the county superintendent of Kimball
county made an order that a designated portion of the
county be school district No. 18.   This order was to
establish the organization of a new district, or was of
territory which theretofore had not been a school dis-
trict or any part of it a part or parts of a district or
districts.   From the order an appeal was taken by the
appellant herein to the district court, where the order
was in all things affirmed.   The defeated party has pros-
ecuted a further appeal to this court.

It is complained that a petition presented to the
county superintendent praying the establishment of the
district, notice of its presentment, and certain affidavits
in reference to the notice, and also an affidavit in regard
to the legal voters residing within the territory sought

to be included in the projected district were insufficient, some in form and some in substance. Whether these were as claimed or not could not affect the proceedings in this matter, for in the organization of school districts from territory not previously the subject of any such action, the jurisdiction of the county superintendent does not depend on any petition or notice, or any assent or dissent expressed or unexpressed of the legal voters, residents of the quarter to be affected. Exclusive original jurisdiction of the subject-matter has been by law committed to the superintendent, and the question of the necessity of the organization is one controlled by and within the discretion of the county superintendent. The governing statute, as it formerly existed, was as follows: "That each organized county shall be divided by the county superintendent into as many school districts as may, from time to time, be found necessary." (General Statutes, ch. 68, sec. 1.) As enacted during the legislative session of 1881, and now in force, it is, "Each organized county not already divided into school districts, or any part of such counties not so divided, shall be divided by the county superintendent into as many school districts as may be necessary." (Compiled Statutes, 1895, ch. 79, subd. 1, sec. 3.) When the formation of a school district is sought, and the action to be taken will affect an existing district or districts, or would cause changes in boundary lines of an existing district or of organized districts, then, primarily, the control is with the voters of the district or districts, and the movement for changes must originate, must have their inception, with such voters and their will be expressed in the form of petition and its presentment, and the proceedings be with and pursuant to the prescribed notice and formalities. (*Cowles v. School District*, 23 Neb., 655; Compiled Statutes, ch. 79, subd. 1, sec. 4.) But these do not apply in the organization by the county superintendent of school districts from portions of the county not previously divided or organized into districts.

A question is raised of the organization of the district being void by reason of the time at which the order was made. It is provided in the statute that "No new district shall be formed between the first Tuesday of April and the first day of October." (Compiled Statutes, ch. 79, subd. 1, sec. 4, subd. 6.) It may be, as claimed, that the order forming the district was not written in the record by the county superintendent until at some date in April, 1893, but the order was made and the district formed, as clearly appears, March 20, 1893. The mere copying of the order into a record cannot govern as to the time it became effectual.

No available errors have been pointed out in the formation of the district; hence the judgment of the district court and the order of the county superintendent will be

AFFIRMED.